IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TIMOTHY SHANE HIXON,

      Plaintiff,

vs.                                                                                                                                     No. 14-1087-JDT-egb

STATE OF TENNESSEE, et al.,

      Defendants.

ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE SERVICE OF PROCESS

      On April 8, 2014, Plaintiff Timothy Shane Hixon, who is incarcerated at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion seeking leave to proceed *in forma pauperis* in the United States District Court for the Middle District of Tennessee. (ECF Nos. 1 & 3.) On April 11, 2014, United States District Judge Kevin Sharp entered an order granting leave to proceed *in forma pauperis*, assessing the filing fee, and transferring the complaint to this Court. (ECF No. 2.) On March 30, 2015, Plaintiff filed an amended complaint. (ECF No. 12.) Plaintiff seeks to add additional defendant Bambi Spillers, Grievance chairperson at Northwest Correctional Complex ("NWCX"), for denying his grievance as inappropriate. (*Id.* at PageID 62.) The allegations contained in the amended complaint concern Plaintiff's medical treatment since arriving at RMSI. (*Id.* at PageID 61-61.) Plaintiff alleges that Centurion is overseeing his medical care there and asks that entity be named as a defendant. (*Id.* at PageID 62.) The Western District of Tennessee is not the proper venue for Plaintiff's claims of inadequate

treatment while at RMSI. Plaintiff must file a new complaint in the Middle District of Tennessee at Nashville to have those claims addressed. This Court declines to address any allegations arising in the Middle District and denies Plaintiff's request to add Corizon as a defendant in this complaint.

The Clerk shall record the defendants as the State of Tennessee,[1] TDOC Commissioner Derrick Schofield, Corizon, Dr. John Hochberg, Grievance Chairperson Bambi Spillers, and Health Services Administrator Samantha Phillips.

Plaintiff Hixson was formerly incarcerated at the NWCX in Tiptonville, Tennessee. Barnes alleges that he suffers from Hepatitis C and had been treated with Interferon while at the NWCX. (ECF No. 1 at PageID 3.) In July 2013, Plaintiff saw Defendant Hochberg complaining of severe pain and Hochberg noticed that Plaintiff was jaundiced and ordered blood tests. (*Id.*)

On July 12, 2013, Plaintiff was seen by Nurse Practitioner Amanda Collins instead of Hochberg and was told that the test result indicated possible liver cancer and that an ultrasound had been scheduled. (*Id.*) Plaintiff alleges that the ultrasound was performed on July 30, 2013, but he received no results. (*Id.* at Page ID 4.) Plaintiff continued to complain of severe pain. (*Id.*)

Plaintiff saw Defendant Hochberg on August 21, 2013, and Hochberg told Plaintiff he did not have cancer but needed his gallbladder removed. (*Id.*) Plaintiff requested pain medicine. (*Id.*) Defendant Hochberg prescribed Tylenol despite Plaintiff's liver problems and the

---

[1] Plaintiff also named the Tennessee Department of Correction ("TDOC") and the Northwest Correctional Complex ("NWCX") Medical Services as defendants. Governmental departments, divisions, and buildings are not suable entities. Therefore, the Court construes those claims against the State of Tennessee. *See generally Hafer v. Melo*, 502 U. S. 21 (1991). The Clerk is directed to terminate the TDOC and NWCX Medical Services as defendants.

medication nurse would not dispense Tylenol. (*Id.*) Plaintiff received nothing for pain. (*Id.*)

Plaintiff suffered with pain until October 24, 2013, when he was transferred to RMSI. (*Id.*) NWCX Health Services Administrator Samantha Phillips and Grievance Chairperson Bambi Spillers denied Plaintiff's grievance. (*Id.* at PageID 5.) Plaintiff alleges that the State of Tennessee and the TDOC Commissioner are charged with the responsibility of seeing that inmates receive adequate medical care. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint─

>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted,

> [t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. . . . Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. . . . Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show <u>entitlement</u> to relief. . . . To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted; emphasis in original); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 762-63 (6th Cir.

2005) (complaint insufficient to give notice of statutory claim); *Savage v. Hatcher*, 109 F. App'x 759, 761 (6th Cir. 2004); *Coker v. Summit County Sheriff's Dep't*, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of *pro se* complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); *Foundation for Interior Design Educ. Research v. Savannah College of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); *Mitchell v. Community Care Fellowship*, 8 F. App'x 512, 513 (6th Cir. 2001); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff has named the State of Tennessee as a defendant. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh

---

[2]Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

4

Amendment prohibits suits for damages against a state in federal court. *Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Board of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Michigan*, 491 U.S. 58, 71, 66 (1989). All claims against the State of Tennessee must be dismissed.

It is clear that Plaintiff sues Defendant TDOC Commissioner Schofield because of his supervisory capacity at the TDOC. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendant Schofield, through his own actions, violated Plaintiff's rights.

The roles of Health Services Administrator Samantha Phillips and Grievance Chairperson Bambi Spillers in investigating, processing, or denying Plaintiff's grievance cannot in itself constitute sufficient personal involvement to state a claim of constitutional dimension. *Simpson v. Overton*, 79 Fed. App'x 117, 2003 WL 22435653 (6th Cir. 2003); *see also Martin v. Harvey*, 14 Fed. App'x 307, 2001 WL 669983, at *2 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Section 1983 liability may not be imposed against a defendant for "a mere failure to act" based upon information contained in the grievance. *Shehee v. Luttrell*, 199 F.3d at 300; *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d at 727-28.

The Court therefore DISMISSES the claims against Defendants State of Tennessee, Derrick Schofield, Bambi Spillers, and Samantha Phillips for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii). The Clerk is directed to terminate those parties as defendants.

It is ORDERED that the Clerk shall issue process for Defendants Corizon and Dr. John Hochberg and deliver said process to the marshal for service. Service shall be made on the corporate defendant pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure.[3] Service shall be made on the individual defendant either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendants, or on any defendant if he has no attorney. Plaintiff

---

[3]Agent for service of process is C T Corporation System, 800 South Gay St., Suite 2021, Knoxville, TN 37929-9710.

shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

    IT IS SO ORDERED.

    **s/James D. Todd**
    JAMES D. TODD
    UNITED STATES DISTRICT JUDGE