IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TIMOTHY SHANE HIXSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1087-JDT-egb |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TO ISSUE THIRD-PARTY SUBPOENA

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his constitutional rights. On April 15, 2015, the summons as to Defendant Dr. John Hochberg was returned as "no longer at this facility" and with the notation "he was a contract employee with the company Corizon" [DE# 15].

When an indigent plaintiff has taken reasonable steps to identify and locate a defendant, the court is responsible for ensuring that service is properly effected:

> [Twenty-eight] U.S.C. § 1915(c) provides that the officers of the court "shall issue and serve all process" when a plaintiff is proceeding *in forma pauperis*. Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915." Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). In the present case, Plaintiff has sufficiently identified Defendant.

The court hereby DIRECTS the Clerk to prepare a third-party subpoena for Corizon Health, Inc., Corizon Health Corporate Office, 103 Powell Court, Brentwood, TN 37027 and deliver it to the Marshal for service, along with a copy of this order. The subpoena shall direct Corizon to supply the last known home address and telephone number of **Dr. John Hochberg**, a Corizon contract employee who worked at Northwest Correctional Complex in Tiptonville, Tennessee, on or around July 2013.

This information should be provided on or before June 1, 2015. Due to security and privacy concerns, information provided in compliance with the subpoena shall not be made available to Plaintiff but shall be filed by the Clerk *ex parte* and under seal. A summons shall then be re-issued and provided to the Marshal for service.

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE