IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

TIMOTHY SHANE HIXON,

    Plaintiff,

vs.                                             No. 14-1087-JDT-egb

STATE OF TENNESSEE, et al.,

    Defendants.
_____

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS
_____

    Plaintiff Timothy Shane Hixon, who is incarcerated at the Riverbend Maximum Security Institution ("RMSI"), has filed a motion for a speedy trial and the appointment of counsel [DE# 21] and a motion to set a pretrial conference [DE# 22]. The motions are DENIED.

    Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993), and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants, Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical,"

Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the court analyzes the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

In the present case, a review of the complaint indicates that the case is not so complex that the court should exercise its discretion to appoint counsel at this time.

As for the motions to set a "speedy" trial date and a pretrial conference, the court will set deadlines in due course. The court currently has 330 open cases, all of which require the court's attention. There is nothing in Plaintiff's case that requires it to be moved to the head of the line to the detriment of other plaintiffs.

For these reasons, Plaintiff's motions are DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE